UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS WHITELEY,

    Plaintiff,

v.

WOLVERINE HARLEY-DAVIDSON, INC,
a Michigan Corporation, and HARLEY-
DAVIDSON MOTOR COMPANY, INC., a
Wisconsin Corporation,

    Defendants.
                                        /

Case No. 2:10-cv-12410

HONORABLE STEPHEN J. MURPHY, III

State Case no. 09-020396 NI

## ORDER GRANTING WHITELEY'S
## MOTION TO REMAND (docket no. 3)

The Court has before it a motion for remand by plaintiff Dennis Whiteley opposing the removal of his lawsuit to this Court by defendants Harley-Davidson Motor Company, Inc. ("Harley-Davidson") and Wolverine Harley-Davidson, Inc. ("Wolverine"), which serves as a dealer of Harley-Davidson motorcycles. Whiteley filed his original action in Wayne County Circuit Court on August 19, 2009. Notice of Removal ¶ 1. The defendants assert that removal is proper because Whiteley fraudulently joined Wolverine to the action for the purpose of defeating diversity jurisdiction, and that this flaw was not discovered until after initial discovery took place and the defendants received a first amended complaint from Whiteley on May 19, 2010. *Id.* ¶ 12. The defendants removed the case on June 18, 2010, and Whiteley timely filed this motion on July 19, 2010. *See* 28 U.S.C. § 1447(c). For the reasons set forth below, the Court concludes that removal was improper in this case and will grant his motion to remand.

A defendant in a civil action initially filed in state court has a right to remove his or her case to federal court if "the district courts of the United States have original jurisdiction"

over the case. 28 U.S.C. § 1441(a). The party seeking removal must file proper notice with the court and the opposing parties within thirty days of either the filing of the action or the receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(a)–(b). The burden is on the party removing the action to demonstrate the existence of federal jurisdiction. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).

An initial glance at the complaint does not show a removable action. Whitley asserted only state law claims in his action in Wayne County Circuit Court, so there is no federal question jurisdiction. 28 U.S.C. § 1331. Moreover, both Whiteley and Wolverine are citizens of Michigan, defeating the possibility of diversity jurisdiction. *Id.* § 1332(a); *see also Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir. 2005) ("[D]iversity jurisdiction requires that no party share citizenship with any opposing party"). The defendants acknowledge these failings, but argue that Whiteley's first amended complaint and the discovery performed thus far in the case do not demonstrate a genuine cause of action against Wolverine. Wolverine's joinder is therefore fraudulent, the defendants contend, which eliminates the obstacle to diversity jurisdiction under 28 U.S.C. § 1332. The standard for such removal is high. If there is some "colorable basis for predicting that a plaintiff may recover against non-diverse defendants," the case must be remanded. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). As with all removal issues, the defendant has the burden of showing the plaintiff cannot meet this minimum standard. *Id.* ("To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law.").

The Court finds that even if the defendants can establish a case for fraudulent joinder, they are time-barred from removing this action under 28 U.S.C. § 1446(b) because the

alleged issues with Wolverine's joinder were equally apparent in the original complaint, filed more than thirty days before the removal. An examination of the notice of removal, along with the two, virtually identical complaints, disproves the notion that the defendants could not "first ascertain[ ]" a route to federal jurisdiction until after Whiteley filed the first amended complaint and discovery took place. 28 U.S.C. § 1446(b). For instance, the defendants argue that the negligence claim against Wolverine is fraudulent because Wolverine was only a dealer of Harley-Davidson motorcycles, and therefore did not perform any acts creating liability. Notice of Removal ¶ 21. But the initial complaint says nothing different about Wolverine's role. Pl. Initial Compl. ¶ 9–10 (contending that Wolverine "sold" the motorcycle, while Harley-Davidson "designed, manufactured, assembled, marketed, [and] advertised" it). If Wolverine could not be sued for this reason, then the defendants could have raised the argument in a removal notice as soon as Whiteley filed the action. The same is true of the purported legal problems with Whiteley's implied warranty of merchantability claims. Notice of Removal ¶ 23. Both complaints make the same allegations regarding a breach of implied warranty, and the defendants do not attempt to differentiate between the pleadings. *Compare* Pl. Initial Compl. ¶¶ 18–19 *with* Pl. Am. Compl. ¶¶ 18–19. Because the defendants could have made all of their arguments about removal once they received the original complaint, the time to remove the matter on these grounds has expired, and the Court lacks subject matter jurisdiction over this case.[1]

---

[1] If the claims against Wolverine *are* legally insufficient — a question the Court does not reach here — Wolverine should file a motion to dismiss the claims against it back in state court. *See* Mich. Ct. R. 2.116(C)(8) (permitting summary disposition of a case when plaintiff fails to "state a claim on which relief can be granted"). Removal on the grounds of fraudulent joinder is an unusual exception to the norm. It should not be used as a means of obtaining a federal forum on either motions to dismiss or for summary judgment when the plaintiff has a colorable basis for filing his or her action in state court.

**WHEREFORE**, it is hereby **ORDERED** that Whiteley's motion to remand (docket no. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to Wayne County Circuit Court, Michigan. The Clerk of the Court shall mail to the clerk of the Wayne County Circuit Court a certified copy of this order. *See* 28 U.S.C. § 1447(c).

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 9, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 9, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager